## FLESHER v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9231. Decided April 29, 1929

Bernon, Mulligan, Keeley & Lafevre, Cleveland, for Flesher.

Ray T Miller, Cleveland, for State.

VICKERY, PJ.

The record shows that at least there was some sort of relation existing between the complaining witness and the plaintiff in error. Whether it was a business or a "nobody's business" relation, would be difficult to determine from this record.

The record is pretty conclusive that the plaintiff in error and the complaining witness were on very friendly terms and undoubtedly their relations were illicit. There is evidence in the record that shows that they cohabited at at least one hotel and there is much evidence to show what the relations between these parties were. The complaining witness, when upon the witness stand, denied any other relation than that of a business relation.

Now when the complaining witness was upon the witness stand, she was interrogated at length about her relations with this defendant below, whether or not they had ever cohabited in any hotel, whether or not she had written him endearing letters, whether or not she had called him sweet and affectionate names, or whether she had written such things to him. To all of which she put in a negative answer, and some time during the course of the inquiry she was shown a letter which the defendant below testified he had received from her and that he knew her handwriting, and that this was in her handwriting. She was asked whether she had written any such letter and she denied it, whereupon it was sought to introduce this letter. It was offered to the court and it was objected to. We think that was a very material piece of evidence bearing upon her credibility and showing that a relation other than that of principal and agent existed between these parties. It contradicted the statement that she had made with respect to her not calling this plaintiff in error endearing names and it even speaks of a hoped for meeting in Detroit or Mt. Clemens where she seemed to be sojourning at the time. The reason, I believe, why it was not admitted was because it contained the name of an official of Cuyahoga County, and that it might reflect upon this official. We know no reason why, if the letter were otherwise competent, it should not be admitted in court, even though it might reflect upon some party who is not a party to the litigation. The letter surely was important in that it both contradicted this woman, the complaining witness, and tended to show a relation between these two persons which might account for the expenditures of money, even though it was owned by the plaintiff, to the mutual benefit of the two. We think the court erred in refusing to admit this testimony and that the testimony was vital and important and might and probably would have changed the result of this verdict, and for that reason we are compelled to reverse this judgment and remand the case to the Common Pleas Court for a new trial.

Sullivan and Levine, JJ, concur.